[Cite as *State v. Tice*, 2026-Ohio-2903.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. CT2026-0003 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CR2025-0777 |
| JOSEPH W. TICE, | |
| Defendant - Appellant | Judgment: Affirmed but Remanded for Resentencing |
| | Date of Judgment: July 28, 2026 |

BEFORE: William B. Hoffman, Craig R. Baldwin, and David M. Gormley, Judges

APPEARANCES: Joseph A. Palmer (Muskingum County Assistant Prosecuting Attorney), Zanesville, Ohio, for Plaintiff-Appellee; Christopher D. Brigdon, Thornville, Ohio, for Defendant-Appellant.

*Gormley, J.*

{¶1} Defendant Joseph Tice argues in this appeal that the trial court erred by imposing consecutive prison terms on each of the five felony charges to which Tice pled guilty. As we explain below, we find no error in the trial judge's consecutive imposition of those prison terms.

{¶2} We note, though, that the trial judge mistakenly imposed definite — rather than indefinite — prison terms on four of the five second-degree-felony (F2) charges in the case. Because R.C. 2929.14(A)(2)(a) requires that any prison terms on those charges be indefinite ones, we remand Tice's case for a resentencing hearing.

**The Key Facts**

{¶3}    Tice pled guilty in December 2025 to a bill of information alleging that he had committed five F2 offenses of pandering sexually oriented matter involving a minor or impaired person.  In their written plea agreement, the parties jointly recommended that the trial judge impose a prison term totaling 40 years.  Tice signed that written plea agreement which contained this language: "[t]he parties stipulate to the judicial findings necessary for the imposition of consecutive sentences."  And when asked by the trial judge, Tice affirmed orally at the plea hearing that he understood that the joint recommendation called for him to spend 40 years in prison, and he also orally acknowledged that he had agreed that the facts necessary to support the imposition of consecutive sentences were present in his case.

{¶4}    Tice waived any pre-sentence investigation and requested that a sentence be imposed immediately after the trial court accepted his guilty pleas.  On count one, the trial judge then imposed an indefinite prison term with a minimum length of eight years.  On each of the remaining four charges, the judge imposed eight-year definite prison terms, and Tice was ordered to serve all five of his prison terms consecutively.  He now appeals.

**We Remand Tice's Case for a New Sentencing Hearing**

{¶5}    Tice argues on appeal only that the trial court erred by imposing consecutive prison terms.  Although we disagree with Tice's view that the trial court was required to provide specific reasons to support its findings under R.C. 2929.14(C)(4), we find that a new sentencing hearing is required to conform the prison terms to the Reagan Tokes Act.

The Trial Judge Did Not Err by Imposing Consecutive Prison Terms

{¶6}    Our review of Tice's prison terms is guided by R.C. 2953.08(D)(1), which tells us that a felony defendant may not challenge a sentence on appeal if that sentence is "authorized by law, has been recommended jointly by the defendant and the prosecution in

the case, and is imposed by a sentencing judge." To be "authorized by law" within the meaning of that statutory provision, the sentence "must comport with all applicable mandatory sentencing provisions." *State v. Sergent*, 2016-Ohio-2696, ¶ 29.

{¶7} R.C. 2929.14(C)(4) ordinarily requires a judge who is sentencing a defendant on multiple felony charges to make certain findings before that judge may properly order the defendant to serve all or some of his or her prison terms consecutively. *Sergent* at ¶ 17 ("if a trial judge exercises his or her discretion to impose consecutive sentences, he or she must make the consecutive-sentence findings set out in R.C. 2929.14(C)(4), and those findings must be made at the sentencing hearing and incorporated into the sentencing entry").

{¶8} The Supreme Court has explained, though, that "in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *Sergent* at ¶ 43. *See also State v. Porterfield*, 2005-Ohio-3095, ¶ 25 ("The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence").

{¶9} The trial judge in Tice's case imposed the 40-year prison term that Tice and the State had jointly recommended, and Tice agreed to the required consecutive-sentence findings in his written plea agreement. We note that, despite the parties' written agreement about the findings, the trial judge did in fact state the R.C. 2929.14(C)(4) findings on the record before imposing the consecutive prison terms. The judge was not required to state any reasons supporting those findings. *State v. Bonnell*, 2014-Ohio-3177, ¶ 37 (a trial court "has no obligation to state reasons to support its findings" under R.C. 2929.14(C)(4)).

{¶10} R.C. 2953.08(D)(1) precludes any further review of Tice's sentence on the consecutive-sentencing issue that he raises here. As we explain below, though, we remand Tice's case for a resentencing hearing because we find that the sentence imposed by the trial judge does not comport with Ohio law.

Each of Tice's Five Prison Terms Should Have Been Indefinite Ones

{¶11} Tice's sentencing hearing must be redone because the definite prison terms that the judge imposed on four of the five charges are out of step with the mandates of R.C. 2929.14(A)(2)(a).

{¶12} For crimes committed in Ohio on and after the March 22, 2019 effective date of the Reagan Tokes Act, any prison term for most first-degree-felony and second-degree-felony offenses must be, according to R.C. 2929.14(A)(1)(a) and (A)(2)(a), "an indefinite prison term." And of course when sentencing a defendant on multiple counts that each require an indefinite prison term, a trial judge is required to "consider each offense individually and impose a separate sentence for each offense." *State v. Saxon*, 2006-Ohio-1245, ¶ 9.

{¶13} In those circumstances, the sentencing judge must first "select, for each offense, a stated minimum term from the appropriate statutory range" in R.C. 2929.14(A)(1)(a) (for first-degree felonies) or R.C. 2929.14(A)(2)(a) (for second-degree felonies) unless the statutory provision that criminalizes the conduct specifies a different minimum term or penalty for the offense. *State v. Bryant*, 2022-Ohio-3669, ¶ 68 (8th Dist.). Then, after any prison terms for each offense have been imposed, the judge may consider whether the defendant should serve those prison terms concurrently or consecutively. *Saxon* at ¶ 9.

{¶14} Finally, the judge should then turn to R.C. 2929.144(B) to calculate the defendant's maximum prison term in the case. *See State v. Jenkins*, 2025-Ohio-2143, ¶ 62 (8th Dist.) (Sean C. Gallagher, J., concurring in judgment) (explaining that the maximum prison term in a case is "the aggregate of all stated minimum and definite terms imposed" in the case, plus the so-called "tail, as calculated under R.C. 2929.144(B)(1), (B)(2), and (B)(3)"); *State v. Tornstrom*, 2023-Ohio-763, ¶ 72 (11th Dist.) ("only one maximum term is calculated"), quoting *State v. Searls*, 2022-Ohio-858, ¶ 22 (2d Dist.).

{¶15} R.C. 2907.322(C) tells us that the five R.C. 2907.322(A)(1) charges to which Tice pled guilty are F2 offenses. Tice was sentenced on count one to an indefinite prison term with a minimum length of eight years and a maximum length of 12 years. On each of the other four counts, the judge imposed definite prison terms of eight years. The judge then ordered Tice to serve those five prison terms consecutively.

{¶16} Under R.C. 2929.14(A)(2)(a), any prison terms for these F2 offenses were required to be indefinite prison terms. *See Searls* at ¶ 33 ("where the trial court is imposing prison sentences on multiple counts under the Reagan Tokes Act, the trial court's sentence for each individual count should make clear that the prison term is a stated minimum sentence, as opposed to a definite sentence"). Only after selecting each of the five individual minimum terms should the judge have turned to R.C. 2929.144(B) to calculate the maximum term in the case. *See State v. Flow*, 2022-Ohio-4416, ¶ 54 (6th Dist.) ("Pursuant to R.C. 2929.144(B)(2), a sentencing court must first add all of the consecutively imposed terms, in order to determine the aggregate minimum term, and then it must compute the maximum aggregate term").

{¶17}  Because Tice's prison sentence does not comport with Ohio law, we remand the case for a resentencing hearing.

By: Gormley, J.;

Hoffman, P.J. and

Baldwin, J. concur.